# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

Jason Nathaniel Nix,

               Plaintiff

   v.

Brayan Lopez, *et al.*,

               Defendants

Case No.: 2:23-cv-00796-CDS-VCF

**Order Denying Application to Proceed In Forma Pauperis and Related Matters**

[ECF No. 1]

On May 22, 2023, pro se plaintiff Jason Nix, an inmate in the custody of the Nevada Department of Corrections, submitted a complaint under 42 U.S.C. § 1983 and applied to proceed *in forma pauperis*. ECF Nos. 1-1, 1. Both documents are deficient. The application to proceed *in forma pauperis* is incomplete because Nix did not include a financial certificate or an inmate trust fund account statement for the previous six-month period with the application. And the complaint is illegible because the handwriting is too small to read. I deny the application to proceed *in forma pauperis* without prejudice, and grant Nix an extension of time to either file a new fully complete application with all three required documents or pay the full $402 filing fee for a civil action. I deny the complaint in its entirety without prejudice as illegible, and I grant leave to amend.

## I.    Application to proceed *in forma pauperis*

The United States District Court for the District of Nevada must collect filing fees from parties initiating civil actions. 28 U.S.C. § 1914(a). The fee for filing a civil-rights action is $402, which includes the $350 filing fee and the $52 administrative fee. *See* 28 U.S.C. § 1914(b). "Any person who is unable to prepay the fees in a civil case may apply to the court for leave to proceed *in forma pauperis*." LSR 1-1. For an inmate to apply for *in forma pauperis* status, the inmate must submit **all three** of the following documents to the court: (1) a completed **Application to Proceed *in Forma Pauperis* for Inmate**, which is pages 1–3 of the court's approved form, that is properly signed by the inmate twice on page 3; (2) a completed **Financial Certificate**, which is

page 4 of the court's approved form, that is properly signed by both the inmate and a prison or jail official; and (3) a copy of the **inmate's prison or jail trust fund account statement for the previous six-month period**. *See* 28 U.S.C. § 1915(a)(1)–(2); LSR 1-2. *In forma pauperis* status does not relieve an inmate of his or her obligation to pay the filing fee, it just means that the inmate can pay the fee in installments. *See* 28 U.S.C. § 1915(b).

As explained above, Nix's application to proceed *in forma pauperis* is incomplete because he did not include a financial certificate or an inmate trust fund account statement for the previous six-month period with the application. I therefore deny the application without prejudice, and I grant an extension of time for Nix to either pay the full filing fee or file a new fully complete application to proceed *in forma pauperis* with all three required documents.

## II. Form of complaint

The complaint Nix submitted is not legibly written because the handwriting is too small to be read with an unaided eye. I recognize that Nix must handwrite his documents for the court because he is incarcerated, but his documents must be legibly written. LR IA 10-1 (a)(2). By way of example, text size for typed papers must be 12 size font or larger, and there should be no more than 28 lines per page. I therefore dismiss the complaint in its entirety without prejudice, and I grant leave to amend to file a legible complaint.

Nix is advised that an amended complaint replaces the original complaint, so the amended complaint must be complete in itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989). This means Nix's amended complaint must contain all claims, defendants, and factual allegations that he wishes to pursue in this lawsuit. Nix should file the amended complaint on this Court's approved prisoner-civil-rights form, and it must be titled "First Amended Complaint." Nix must follow the instructions on the form. He need not and should not allege very many facts in the "nature of the case" section of the form. Rather, in each claim, he should allege facts sufficient to show what each defendant did to violate his civil rights.

### III.    CONCLUSION

It is therefore ordered that the application to proceed *in forma pauperis* **[ECF No. 1] is denied** without prejudice.

It is further ordered that Nix has **until September 6, 2023**, to either pay the full $402 filing fee or file a new fully complete application to proceed *in forma pauperis* with all three required documents: (1) a completed application with the inmate's two signatures on page 3, (2) a completed financial certificate that is signed both by the inmate and the prison or jail official, and (3) a copy of the inmate's trust fund account statement for the previous six-month period.

It is further ordered that the complaint **[ECF No. 1-1] is dismissed** without prejudice in its entirety because it is illegible.

It is further ordered that Nix has **until August 7, 2023**, to file an amended complaint consistent with this order. Nix is advised that the court will screen the amended complaint in a separate screening order and the screening process will take several months.

Nix is cautioned that this action will be subject to dismissal without prejudice if he fails to timely comply with this order. A dismissal without prejudice allows the plaintiff to refile the case with the court, under a new case number, when he can file a complete application to proceed *in forma pauperis* or pay the required filing fee and file a legible complaint.

The Clerk of the Court is directed to file the complaint (ECF No. 1-1) and send plaintiff Jason Nathaniel Nix the approved form application to proceed *in forma pauperis* for an inmate and instructions for the same, the approved form for filing a 42 U.S.C. § 1983 complaint and instructions for the same, and a copy of his complaint (ECF No. 1-1).

DATED: June 6, 2023

_____
Cristina D. Silva
United States District Judge